E-FILED
Wednesday, 07 August, 2024 03:13:56 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **STEVEN C. CRABB,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 24-cv-4081** |
| | ) | |
| **GARY KULHAN, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MERIT REVIEW ORDER – AMENDED COMPLAINT**

On May 6, 2024, Plaintiff Steven Crabb, proceeding *pro se*, filed a Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights while he was civilly detained pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1, at the Rushville Treatment and Detention Facility ("Rushville"). (Doc. 1). Plaintiff alleged that Security Therapy Aids used excessive force against him sometime between 2013 and 2019.

On May 20, 2024, the Court dismissed Plaintiff's Complaint without prejudice because it appeared that his claims were barred by the statute of limitations. (Doc. 7). Out of an abundance of caution, the Court gave Plaintiff leave to file an Amended Complaint within thirty days and instructed him to provide the date when each allegation occurred or specific timeframe. *Id.* at p. 3.

Plaintiff filed an Amended Complaint on May 31, 2024. (Doc. 13). Plaintiff also renewed his Motion for Leave to Proceed *in forma pauperis*. (Doc. 10). The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). A court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. §

1915(d)(2). Accordingly, this Court will grant leave to proceed *in forma pauperis* only if Plaintiff's Amended Complaint states a federal claim.

This case is now before the Court for a merit review of Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915A. In reviewing the Amended Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## ALLEGATIONS

Plaintiff names Security Therapy Aids Gary Kulhan, Keith Rose, and Michael Teel as Defendants. Plaintiff alleges he was involved in an altercation with another resident on the Special Management Fox Unit on September 7, 2016. Plaintiff returned to his room after the altercation. Defendants Kulhan and Rose then entered Plaintiff's room. Plaintiff alleges Defendant Rose roughly patted him down, including his groin. Defendant Rose instructed Plaintiff to put his hands on the wall and roughly patted him down again. Plaintiff alleges Defendant Kulhan twisted his left arm behind his back and pulled it upward, causing severe pain. Defendant Teel entered the room and pushed Plaintiff's face into the concrete block wall, causing Plaintiff's glasses to break. Defendants Rose and Teel tackled Plaintiff down onto the concrete floor and began punching him while Plaintiff begged them to stop. Defendants Rose and Teel put leg irons on Plaintiff's legs and

a chain around his waist. Plaintiff complained he could not breathe. Plaintiff was transported to the infirmary.

As a result of the incident, Plaintiff claims he experienced pain in his groin, back, abdomen, left shoulder, and neck, suffered a knot on his forehead, and experienced trauma and anxiety. Plaintiff also claims the force Defendants used against him exacerbated his inguinal and abdominal hernias.

Plaintiff claims the medical treatment he received for his hernias was inadequate. Plaintiff underwent a CT scan at an outside hospital on July 22, 2021, which verified an inguinal hernia. Plaintiff was prescribed a waist belt. Plaintiff states the delay in receiving a CT scan was due to Covid and unspecified Wexford Healthcare policies and practices.

**ANALYSIS**

The statute of limitations is an affirmative defense but can be raised by the court if the defense is obvious from the complaint. *See Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002) ("[W]hen the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit."). Congress did not specify a statute of limitations for civil rights claims under Section 1983. *Ray v. Maher*, 662 F.3d 770, 772 (7th Cir. 2011). In determining the statute of limitations for Section 1983 claims, federal courts have adopted the forum state's statute of limitations for personal injury claims. *Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998). In Illinois, the statute of limitations for personal injury claims is two years. 735 ILCS 5/13-202. Thus, a Section 1983 claim in a United States District Court in Illinois must be filed within two years of the accrual of the claim. A claim accrues for statute of limitations purposes when a plaintiff

knows of the fact and cause of an injury. *Amin Ijbara Equity Corp. v. Vill. of Oak Lawn*, 860 F.3d 489, 493 (7th Cir. 2017).

Plaintiff alleges Defendants used excessive force against him on September 7, 2016, more than seven years before he filed his initial Complaint on May 6, 2024. (Doc. 1). Plaintiff's excessive force claim is barred by the two-year statute of limitations.

Plaintiff alleges the medical care he received for his existing hernias following the incident on September 7, 2016, was inadequate and that he waited until July 2021 for a CT scan. Plaintiff alleges that he was taken to the infirmary following the incident on September 7, 2016. Plaintiff does not specify how Defendants, who were employed as Security Therapy Aids, were involved in or responsible for providing further medical care. The Court finds that Plaintiff also fails to state a claim against Defendants based on the allegedly inadequate medical treatment he received for his hernias.

Plaintiff's Amended Complaint is DISMISSED WITH PREJUDICE for failure to state a claim under Federal Rule Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. Any additional amendments would be futile because Plaintiff cannot allege a cognizable claim against Defendants on these facts.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's Amended Complaint is DISMISSED WITH PREJUDICE for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. Any additional amendments would be futile because Plaintiff cannot allege a cognizable claim on these facts. This case is therefore closed. The Clerk is DIRECTED to enter a judgment pursuant to Federal Rule of Civil Procedure 58.

2) Due to the dismissal of this case, Plaintiff's Motion for Leave to Proceed *in forma pauperis* [10] and Motion to Request Counsel [14] are DENIED.

3) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff chooses to appeal, he will be liable for the $605 appellate filing fee irrespective of the outcome of the appeal.

ENTERED: 8/7/2024

s/ James E. Shadid
James E. Shadid
United States District Judge